UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL SEAN GALE                                CIVIL ACTION

VERSUS                                           NO: 08-4946

USAA CASUALTY INSURANCE                          SECTION: R(4)
COMPANY


**ORDER**

Before the Court is plaintiff's motion to remand. The Court GRANTS plaintiff's motion for the following reasons.

**I. BACKGROUND**

Plaintiff, Michael Sean Gale, suffered damage to his New Orleans home during Hurricanes Katrina and Rita. At the time, Gale's home was insured by USAA Casualty Insurance Company, and USAA paid Gale $60,843.88 for Hurricane damage. Gale sued USAA in state court, asserting that the costs to repair his home "far exceeds" the amount paid by USAA. Gale's state court complaint requests a "sum adequate to compensate" for the damage, as well as interest, costs, and "general and equitable relief." (*See* R.

Doc. 1.) Consistent with Louisiana Code of Civil Procedure article 893, Gale did not specify the amount in controversy in his state court complaint.

On November 14, 2008, USAA removed this case to federal court on diversity grounds, under 28 U.S.C. § 1332(a). On June 19, 2009, Gale filed this remand motion along with an affidavit stipulating that the amount in controversy does not exceed $75,000.00. The stipulation waives his right to accept or enforce a judgement in excess of $75,000.00. (*See* R. Doc. 19-8.) On June 26, 2009, USAA filed an opposition to Gale's remand motion asserting that the parties are diverse and the jurisdictional amount in controversy satisfied.

**II. LEGAL STANDARDS**

**A. Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See*, *e.g.*, *Manguno*

2

*v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.1996).

**B. Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages. *See* La. C.C.P. art. 893(A)(1). When, as here, plaintiffs have alleged an

3

indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999); *Allen*, 63 F.3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.00. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

**III. DISCUSSION**

USAA has failed to demonstrate that the amount in controversy exceeds $75,000.00 in this case. It is not facially apparent from Gale's state court petition that his damages exceed $75,000.00. Gale's petition does not claim a specific amount,

4

nor does he allege any facts from which the amount in controversy could be reasonably inferred, such as by claiming specific injuries, seeking insurance policy limits, or claiming that the hurricane damage resulted in a total loss. *See Cullota v. State Farm and Cas. Co.*, 2007 WL 954781, at *1 (E.D. La. Mar. 27, 2007) (denying remand because plaintiffs sought insurance policy limits in excess of $75,000.00 for hurricane damage that resulted in a total loss). Nor did Gale allege insurer bad faith or request attorney's fees, both of which the Court may use in assessing the amount in controversy. *See Hammel v. State Farm Fire and Cas. Co.*, 2007 WL 519280, at *2 (E.D. La. Feb. 14, 2007).

Further, USAA has failed to produce summary judgment type evidence that would support a finding that Gale's damages exceed $75,000.00. USAA relies solely on a Rule 26 disclosure stating that Gale "seeks payment of the full repair cost for the damages to his home following Hurricanes Katrina and Rita up to the limits of his homeowner's insurance policy and subject to a credit for amounts already paid." At best, the disclosure indicates that Gale seeks the full repair cost of his home, which may or may not reach the limits of his homeowner's policy in this case. The relevant inquiry is the "full repair cost" to Gale's home and USAA has submitted no evidence demonstrating that Gale's remaining damages exceed the jurisdictional amount. USAA states

5

that Gale submitted a $97,000.00 construction estimate in January 2006, but USAA does not attach this document and there is no way for the Court to determine whether the estimate is for amounts still owed under the policy or if it includes damages already compensated for in the $60,843.88 initially paid by USAA.

USAA analogizes this case to *Evans v. Hartford Ins. Co.*, 2006 WL 1999201, at *1 (E.D. La. July 17, 2006), and other cases in which the court denied the plaintiff's remand motion based on the plaintiff's Fed. R. Civ. P. 26 disclosures. The *Evans* plaintiff sought "double damages" for lost income, damages for moving expenses, punitive damages, and attorney's fees. *Id*. at *2. Evans also sent a letter to his insurer prior to removal in which he stated that his claim was worth up to $235,000 and offered to settle for $90,000.00. *Id*. Evan's initial disclosures verified that he tried to settle for $90,000.00 before removal, and the court found that the amount in controversy was met. *Id*. Similarly, in *Johnson v. Progressive Specialty Ins. Co.*, 2000 WL 34514099 (D. Alaska Mar. 7, 2000), the plaintiff's initial disclosures established that she was seeking to recover in excess of $500,000.00. *Evans* and *Johnson* are distinguishable from this case. As noted, Gale's initial disclosures do not clearly establish that he is seeking more than $ 75,000.00. Gale's petition does not specify any particular damages and no

correspondence was sent to USAA asserting that Gale's damages are over $75,000.00.

Any remaining ambiguity about the amount in controversy is clarified by Gale's post-removal stipulation. If the amount in controversy is ambiguous at the time of removal, the court may consider a post-removal stipulation to determine the amount in controversy at the date of removal. *See Gebbia v.. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000); *Association de Pescadores v. Dow Quinica de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir.1993) (When the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). Here, Gale's petition is ambiguous. The complaint does not specify the amount in controversy, nor can his damages be readily ascertained from the complaint. Gale's stipulation states that the "matter has an amount in dispute of $75,000.00 or less," and that he waives his right to enforce a judgement in an amount over $75,000.00. The Court finds these statements to be "judicial confessions" that are binding on the plaintiff. *See Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004). Accordingly, the requirements for federal jurisdiction under 28 U.S.C. § 1332(a) are not met and the court remands this case to state court.

**IV. CONCLUSION**

For the foregoing reasons, the court GRANTS plaintiff's motion to remand this case to the Civil District Court Parish of Orleans.

New Orleans, Louisiana, this 5th day of August, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE